******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

## CHARLES ALLEN *v.* SHOPPES AT BUCKLAND HILLS, LLC, ET AL.
## (AC 42828)

Moll, Cradle and Clark, Js.

*Syllabus*

The plaintiff, an off duty East Granby police officer, sought to recover damages for personal injuries that he sustained after being hit by a car while he was on the premises of a shopping mall owned by the defendant B Co. in Manchester. While in the parking lot of the shopping mall, he heard a radio broadcast indicating a pursuit of a suspected participant in a crime and was injured after he joined that pursuit and was struck by the car that the suspect entered, which was driven by C. The plaintiff alleged that his injuries were a result of the negligence of B Co., and A Co., which provided security services for B Co., for, inter alia, chasing the suspect into the mall parking lot. Following a jury verdict and judgment for the defendants, the plaintiff appealed to this court, claiming that the trial court improperly instructed the jury on superseding cause, improperly instructed the jury on the statutory (§ 54-1f) duties of off duty police officers, and failed to instruct the jury on the duties owed by a possessor of land to invitees. *Held*:

1. The plaintiff could not prevail on his claim that the trial court's charge to the jury on the doctrine of superseding cause was improper and harmful, as it was not reasonably probable that the jury was misled by the trial court's instruction on the doctrine; the court's charge, read as a whole, was correct in law, adapted to the issues, and was sufficient for the guidance of the jury, as the court charged the jury that, in order for the defendants to prevail on their special defense that C's conduct was a superseding cause of the plaintiff's injuries, the defendants had to demonstrate that C had intentionally or criminally struck the plaintiff with his car, and, the jury, on the interrogatories, found that C's conduct was both intentional or criminal and not foreseeable, and there was ample evidence presented to show that C's conduct was intentional or criminal, including the plaintiff's testimony and his statement to the police that the driver of the vehicle had looked at him then reversed the car into him.

2. The plaintiff could not prevail on his claims that the court improperly instructed the jury as to the reasonableness of his actions as an off duty police officer pursuant to § 54-1f and his status as an invitee on B Co.'s property, as he did not satisfy his burden that the purported errors were harmful; once the jury concluded that C's conduct was both intentional or criminal and not foreseeable, it did not have occasion to consider the reasonableness of the plaintiff's conduct or his status as an invitee, but, instead, pursuant to the instructions on the interrogatory form, it completed the defendants' verdict form as to B Co. and A Co.

Argued April 7—officially released July 27, 2021

*Procedural History*

Action to recover damages for personal injuries sustained as a result of the alleged negligence of the named defendant et al., and for other relief, brought to the Superior Court in the judicial district of Hartford, where the court, *Hon. A. Susan Peck*, judge trial referee, granted the plaintiff's motion to cite in AlliedBarton Security Services, LLC, as a defendant and granted the town of East Granby's motion to intervene as a plaintiff; thereafter, the plaintiff withdrew the action as to the defendant Professional Security Consultants, Inc.; subsequently, the named defendant et al. filed a notice of apportionment as to Reshawn Champion and Hoffman

of Simsbury, Inc.; thereafter, the matter was tried to the jury before *Graham, J.*; verdict for the named defendant et al.; subsequently, the court, *Graham, J.*, denied the plaintiff's motions to set aside the verdict, for a new trial, and for judgment notwithstanding the verdict and rendered judgment in accordance with the verdict, from which the plaintiff appealed to this court. *Affirmed.*

*Mario Cerame*, with whom was *Timothy Brignole*, for the appellant (plaintiff).

*Eric W. F. Niederer*, with whom was *Tyler W. Humphrey*, for the appellees (named defendant et al.).

*Opinion*

MOLL, J. The plaintiff, Charles Allen, appeals from the judgment of the trial court rendered in accordance with the jury verdict in favor of the defendants Shoppes at Buckland Hills, LLC (Buckland Hills), and AlliedBarton Security Services, LLC (AlliedBarton), the company that provided security services for Buckland Hills.[1] The plaintiff claimed that he had suffered serious physical injuries when he attempted to stop what he believed was a serious crime at Buckland Hills, a shopping mall, while off duty from his position as a police officer with the town of East Granby. The plaintiff claims on appeal that the court improperly (1) instructed the jury on superseding cause, (2) instructed the jury that General Statutes § 54-1f imposes a restriction, rather than an affirmative duty, on off duty police officers, and (3) failed to instruct the jury on duties owed by a possessor of land to invitees. We affirm the judgment of the trial court.

The jury reasonably could have found the following facts, which are largely undisputed in this case. On May 21, 2014, the plaintiff, an off duty police officer with the town of East Granby, purchased some books at the Barnes and Noble bookstore located at Buckland Hills. He exited the mall in order to put the books in his truck, intending to go back into the mall to make another purchase. After putting the bag in his truck, the plaintiff heard what he believed were police radios. He heard a radio broadcast stating that "we have a black male running into the mall, and we have a black female in the parking lot. We lost her." The plaintiff then observed a woman run out from between cars and away from individuals who were chasing her. The woman, who was carrying a couple of big bags, ran diagonally in front of the plaintiff. The plaintiff ran toward the woman and said, "Police, stop." The woman looked over her shoulder and continued to run; the plaintiff ran behind her. When the woman arrived at a waiting vehicle, she threw the bags into the car and pivoted into the passenger seat. The plaintiff leaned in toward the car, attempting to put his hand on the woman's shoulder. The driver of the vehicle, later identified as Reshawn Champion, looked over his shoulder at the plaintiff, and then put the car in reverse. The plaintiff was struck in the face and leg by the open passenger door and suffered personal injuries.

On January 29, 2016, the plaintiff commenced the present action. See footnote 1 of this opinion. Following the filing of the plaintiff's second amended complaint (i.e., the operative complaint), which asserted one count of negligence against each defendant in connection with the chase of the shoplifting suspect in the mall parking lot, the defendants filed an answer and two special defenses. The first special defense alleged that the plaintiff was negligent by, inter alia, injecting

himself into a situation without knowledge or appreciation of the facts then and there existing. The second special defense alleged that the damages and occurrences alleged by the plaintiff were the result of an independent and/or intervening cause, including the actions of Champion.

Following trial, the jury found in favor of the defendants. In response to jury interrogatories, the jury found that the plaintiff had not proven that Buckland Hills was negligent, but the jury was silent as to whether the plaintiff had proven negligence on the part of AlliedBarton. The jury found, however, that the defendants had proven that Champion's conduct was both (1) intentional or criminal, and (2) not foreseeable, and, therefore, was the superseding cause of the plaintiff's injuries.[2] Following the denial of the plaintiff's motion to set aside the verdict, motion for new trial, and motion for entry of judgment notwithstanding the verdict, the plaintiff filed the present appeal in which he raises three claims of instructional error.

Before addressing the plaintiff's claims, we set forth the standard of review applicable to claims of instructional error. "A jury instruction must be considered in its entirety, read as a whole, and judged by its total effect rather than by its individual component parts. . . . [T]he test of a court's charge is not whether it is as accurate upon legal principles as the opinions of a court of last resort but whether it fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. . . . As long as [the instructions] are correct in law, adapted to the issues and sufficient for the guidance of the jury . . . we will not view the instructions as improper. . . . Therefore, [o]ur standard of review on this claim is whether it is reasonably probable that the jury was misled." (Internal quotation marks omitted.) *Farmer-Lanctot* v. *Shand*, 184 Conn. App. 249, 255, 194 A.3d 839 (2018). Furthermore, "[n]ot every error is harmful. . . . [B]efore a party is entitled to a new trial . . . he or she has the burden of demonstrating that the error was harmful. . . . An instructional impropriety is harmful if it is likely that it affected the verdict." (Internal quotation marks omitted.) *Kos* v. *Lawrence + Memorial Hospital*, 334 Conn. 823, 845, 225 A.3d 261 (2020).

I

The plaintiff first claims that the court's jury charge on superseding cause was improper and harmful. Specifically, the plaintiff argues that the court erred in failing to instruct the jury with regard to any particular crimes, whether a crime had been committed, or the legal meaning of "criminal event." The defendants argue in response that the doctrine of superseding cause applies in this case, as the evidence supports a finding that Champion's conduct was criminal or intentional. The defendants further argue that the court's charge

was proper, as Champion's conduct fell within the parameters outlined by our Supreme Court in *Barry* v. *Quality Steel Products, Inc.*, 263 Conn. 424, 820 A.2d 258 (2003), and *Snell* v. *Norwalk Yellow Cab, Inc.*, 332 Conn. 720, 212 A.3d 646 (2019). We agree with the defendants.

The following additional facts are necessary for the resolution of this claim. On December 4, 2018, the plaintiff filed a request to charge that included a charge on superseding cause. According to the plaintiff's proposed charge, in order for the defendants to succeed on their claim that Champion's conduct was a superseding cause of the plaintiff's injuries, they had to prove that Champion's conduct was intentional and that the conduct was unforeseeable by a reasonable person. The plaintiff did not request that the court charge that Champion's conduct had to be intentional or criminal in order for the superseding cause instruction to apply, nor did the plaintiff request a charge on what constitutes a criminal act or the elements of any crime.

On December 12, 2018, the court heard argument on the plaintiff's motion for a directed verdict, in which he argued that, based on the evidence presented at trial, it would be speculative for the jury to find that Champion's conduct was intentional or criminal, as required by *Barry* v. *Quality Steel Products, Inc.*, supra, 263 Conn. 439 n.16. In denying the plaintiff's motion, the court stated: "The jury can, if they choose to, interpret a driver who sees somebody, backs over him swiftly with the door open, and then backs down the entire remaining length of the parking lot lane, as indicating intent. I also think you do not have to be charged with a crime in order for the jury to find somebody acted in a criminal manner. I think the jury generally understands that you're not supposed to see somebody and then back over them after you see them with a car and then flee the scene."

At a charge conference that followed the argument on the motion for a directed verdict, counsel for the plaintiff questioned the court's proposed charge on superseding cause because it was not clear that Champion's conduct had to be intentional or criminal in order for the defendants to prevail.[3] The court made a minor modification to its proposed charge to address the plaintiff's concern. On December 13, 2018, the court charged the jury in relevant part:

"Superseding cause. A superseding cause is any intentionally harmful act or criminal event, unforeseeable by the defendant, which intervenes in the sequence of events leading from the defendant's alleged negligence to the plaintiff's alleged injury and proximately causes that injury. Under our law, the intervention of such a superseding cause prevents the defendants from being held liable for the plaintiff's injury on the theory that, due to such superseding cause, the defendants did not

legally cause the injury even though their negligence was a substantial factor in bringing the injury about. Therefore, when a claim of superseding cause is made at trial by way of the second special defense, the defendants must prove the essential elements of that claim by a fair preponderance of the evidence in order to prove, by that standard, their special defense.

"In this case, the defendants claim, more particularly, that Reshawn Champion striking the plaintiff with his vehicle after he became aware of the plaintiff's presence was a superseding cause of the plaintiff's alleged injury, and thus that the defendants' own negligence did not legally cause that injury. Because such intentionally harmful conduct, if unforeseeable by the defendants, would constitute a superseding cause of the plaintiff's alleged injury if it occurred as claimed by the defendants and if it proximately caused the plaintiff's injury, the defendants must prove the essential elements of that claim by a fair preponderance of the evidence in order to prove that the defendants are not causally liable.

"The defendants can meet this burden by proving: One, that the conduct claimed to constitute a superseding cause, specifically Champion intentionally or criminally striking the plaintiff with his car, occurred as claimed by the defendants; and, two, that such conduct was not foreseeable by the defendants, in that the injury in question was not within the scope of the risk created by the defendants' conduct; and, three, that such conduct of Champion was a substantial factor in bringing about the plaintiff's alleged injury.

"These, of course, are questions of fact for you to determine based on the evidence. Keep in mind, however, that the defendants have the burden to prove the existence of a superseding cause. The burden at all times rests upon the defendants to prove the defendants' claim of superseding cause as [their] second special defense.

"Intentional act. I have instructed you regarding superseding cause. Within that instruction, you will recall that the act must be intentionally harmful or criminal in order for that instruction to apply. In order for the act, in this case Mr. Champion striking the plaintiff with his vehicle, to be deemed intentional, both the conduct producing the injury and the resulting injury must be intentional. The resulting injury is deemed to be intentional when the bodily harm inflicted was a direct and actual consequence of the offensive conduct. If you find that Mr. Champion intended to strike the plaintiff with his vehicle and the plaintiff's injuries were a direct and natural consequence of that offensive conduct, then you would find that Mr. Champion's conduct was intentional."

Counsel for the plaintiff took exception to the court's charge, stating, inter alia, that "there's confusion in

the instruction as to the significance and meaning and construction of the word 'criminal act.' " The court did not revise its charge based on the plaintiff's objection. On December 17, 2018, the jury sent a note to the court with two questions pertaining to proximate cause. The second question asked in relevant part: "If the warrant[4] for Champion had been issued and he was tried and found guilty, would this case have been able to proceed?"[5] (Footnote added.) In response to the note, the court indicated that it would not address a hypothetical situation but reminded the jury that the defendants had the burden to prove both that Champion's conduct was intentional or criminal and that Champion's conduct was not foreseeable.

On December 17, 2018, the jury found in favor of the defendants. The jury completed interrogatories indicating that it found that the plaintiff had not proven that Buckland Hills was negligent; the jury did not indicate whether the plaintiff had proven negligence on the part of AlliedBarton. See footnote 2 of this opinion. The jury found, however, that the defendants had proven that Champion's conduct was both (1) intentional or criminal and (2) not foreseeable and, therefore, was a superseding cause of the plaintiff's injuries. See footnote 2 of this opinion. The court thereafter denied the plaintiff's motion to set aside the verdict and motion for a new trial, in which he argued, inter alia, that the court improperly failed to charge on the meaning of "criminal act" for the purposes of superseding cause. The court also denied the plaintiff's motion for judgment notwithstanding the verdict.

We next set forth the applicable law regarding the doctrine of superseding cause. A "superseding cause is an act of a third person or other force which by its intervention prevents the actor from being liable for harm to another which his antecedent negligence is a substantial factor in bringing about. . . . The function of the doctrine of superseding cause is not to serve as an independent basis of liability, regardless of the conduct of a third party whose negligent conduct may have contributed to the plaintiff's loss. The function of the doctrine is to define the circumstances under which responsibility *may be shifted entirely* from the shoulders of one person, who is determined to be negligent, to the shoulders of another person, who may also be determined to be negligent, or to some other force. . . . Thus, the doctrine of superseding cause serves as a device by which one admittedly negligent party can, by identifying another's superseding conduct, exonerate himself from liability by shifting the causation element entirely elsewhere." (Citations omitted; emphasis in original; footnote omitted; internal quotation marks omitted.) *Barry* v. *Quality Steel Products, Inc.*, supra, 263 Conn. 434.

"In light of the significant changes to our tort system

implemented by tort reform . . . [our Supreme Court] determined in *Barry* [v. *Quality Steel Products, Inc.*, supra, 263 Conn. 434] that the doctrine of superseding cause no longer serves a useful purpose in our jurisprudence when a defendant claims that a subsequent negligent act by a third party cuts off its own liability for the plaintiff's injuries. [In such] circumstances, superseding cause instructions serve to complicate what is fundamentally a proximate cause analysis. . . . [B]ecause our statutes allow for apportionment among negligent defendants; see General Statutes § 52-572h; and because Connecticut is a comparative negligence jurisdiction; General Statutes § 52-572o; the simpler and less confusing approach to cases . . . [in which] the jury must determine which, among many, causes contributed to the [plaintiff's] injury, is to couch the analysis in proximate cause rather than allowing the defendants to raise a defense of superseding cause." (Internal quotation marks omitted.) *Snell* v. *Norwalk Yellow Cab, Inc.*, supra, 332 Conn. 748–49.

"In reaching [its] determination in *Barry*, [our Supreme Court] expressly limited [its] holding to cases in which a defendant claims that its tortious conduct is superseded by a subsequent negligent act or there are multiple acts of negligence, stating that [its] decision did not necessarily affect those cases [in which] the defendant claims that an unforeseeable intentional tort, force of nature, or criminal event supersedes its tortious conduct. . . . Later, [our Supreme Court] made clear that [its] holding in *Barry* did not affect those types of cases." (Citation omitted; internal quotation marks omitted.) Id., 750.

In the present case, the plaintiff argues that the court's failure to instruct the jury on the meaning of a criminal act or the elements of a crime as part of its charge on superseding cause invited the jury to engage in speculation. A review of the court's charge, however, reflects that the court properly charged on the law of superseding cause as set forth in *Barry* v. *Quality Steel Products, Inc.*, supra, 263 Conn. 424, and *Snell* v. *Norwalk Yellow Cab, Inc.*, supra, 332 Conn. 720. Specifically, the court charged that, in order for the defendants to prevail on this special defense, the defendants had to demonstrate that the conduct claimed to constitute a superseding cause—specifically, Champion intentionally or criminally striking the plaintiff with his car—occurred as they claimed. The court later charged that, in order for the instruction on superseding cause to apply, the act must be intentionally harmful or criminal.[6]

Furthermore, in its responses to the jury interrogatories, the jury found that the defendants had proven, by a preponderance of the evidence, "that Reshawn Champion's conduct was both (a) intentional or criminal, and (b) not foreseeable." See footnote 2 of this opinion. The jury interrogatories did not require the

jury to specify whether Champion's conduct was intentional or criminal. The jury, however, was presented with ample evidence from which it reasonably could find that Champion's conduct was intentional or criminal.[7] Specifically, the plaintiff testified that he saw the driver of the vehicle look over the driver's shoulder at him, and then put the car in reverse, striking him with the door, which was still open. Daniel Pilz, an officer with the Manchester Police Department, testified that he was dispatched to the scene of the incident on May 21, 2014. While on the scene, and within minutes of the incident, Pilz took the plaintiff's statement. The statement is included in the Manchester police report that was admitted into evidence. The report states in relevant part that the plaintiff saw the driver of the vehicle "look over his shoulder at [the plaintiff], put the car in reverse, [strike the plaintiff] with the door, which was still open, put the car in drive and [pull] out of the parking spot at a high rate of speed."

Tomasz Kaczerski, another officer with the Manchester Police Department, was the next officer to arrive on the scene. Kaczerski took the statement of Allen Corthous, a mall security officer. Corthous' statement, which is also included in the Manchester police report, provides in relevant part: "Once the female suspect got into the vehicle, [the plaintiff] caught up to her and was attempting to stop the female suspect. At that point, I observed the male suspect put the car in reverse and accelerate at a high rate of speed while striking [the plaintiff] . . . with the car door. . . . The suspect then put the car in drive and took off." Kaczerski indicated in his report that he believed that probable cause existed to charge Champion with several crimes.[8]

In light of the case law concerning superseding cause and the evidence as outlined above, we conclude that the court's charge, read as a whole, was correct in law, adapted to the issues, and was sufficient for the guidance of the jury. See *Farmer-Lanctot* v. *Shand*, supra, 184 Conn. App. 255. We conclude, therefore, that it is not reasonably probable that the jury was misled by the court's instruction on the doctrine of superseding cause.[9]

## II

The plaintiff next claims that the court improperly instructed the jury that § 54-1f[10] imposed a restraint rather than an affirmative duty on the plaintiff and failed to instruct the jury regarding the heightened duty owed to invitees to protect them from the foreseeably dangerous conduct of others. We consider these claims together because, even assuming that the court's charge was improper with respect to these issues, the plaintiff has not satisfied his burden of demonstrating that the purported errors were harmful.

The following additional facts are necessary for the

resolution of these claims. On December 4, 2018, the plaintiff filed a request to charge that included the following language: "The law states that a Connecticut police officer <u>shall</u> arrest anyone who the officer has reasonable grounds to believe has committed or is committing a felony. The law imposes this obligation even if the officer does not have a warrant, and even if the officer is outside of the area where he usually works. Reasonable grounds to believe means a logical reason to believe it is so. Stealing goods worth $2000 or more is an example of a felony." (Emphasis in original.) Counsel and the court discussed the proposed charge during the charge conference, during which the court expressed concern about charging the jury that the plaintiff had jurisdiction to act beyond the parameters authorized by § 54-1f.

The court charged the jury: "In addition to the obligation to exercise reasonable care of a reasonably prudent person, the plaintiff also had the obligations of an East Granby police officer. As this incident took place in Manchester, special circumstances must exist to authorize the plaintiff to exercise his police powers: one, he must have started a pursuit in East Granby that continued to another jurisdiction, and there is no evidence that such was the case here; two, he must be responding to a medical emergency, and there is no evidence of that here; three, he must be asked by another police agency to assist in police activity; or four, he must reasonably believe that a felony is being or has been committed.

"The plaintiff in this case also has the obligation to exercise his police powers as a reasonably prudent police officer would under the circumstances. You should consider the special powers and obligations the plaintiff had as an off duty police officer, along with all the other evidence before you, in deciding whether the plaintiff was negligent as alleged by the defendants." After the court instructed the jury, the plaintiff took exception to this portion of the charge.

On appeal, the plaintiff argues that the court's charge did not convey to the jury the affirmative duty to act contained in § 54-1f (b). According to the plaintiff, in order to determine whether the plaintiff acted reasonably, the jury needed to be instructed regarding the affirmative duty to intervene. The plaintiff further argues that, because the court did not charge on the affirmative duty to act, the jury did not have enough information to determine whether the plaintiff's intervention and injuries were foreseeable. Finally, the plaintiff argues that the court's charge improperly failed to include the definition of a felony.

With regard to the heightened duty owed to invitees, the plaintiff requested that the court charge the jury that "the [defendants have] a duty to protect [the plaintiff] against unreasonable risk of harm arising from the acts

of third parties. So long as the unreasonable risk of harm from the third party is reasonably foreseeable, then the defendant has a duty to protect the plaintiff from third-party acts that are negligent, intentional, or even criminal. In other words, if [the plaintiff's] injuries were the same general nature as a harm that the [defendants] should have anticipated if they acted reasonably, the defendants had an affirmative duty to protect [the plaintiff] from that harm, even if [Champion] acted negligently, intentionally, or criminally. In that case, you must find for [the plaintiff]." At the charge conference, the court expressed concern about giving the charge as requested by the plaintiff in the absence of a premises defect. The court also expressed concern that the plaintiff's requested charge was inconsistent with the doctrine of superseding cause and, ultimately, it declined to deliver the requested charge.[11] On appeal, the plaintiff argues that the court improperly declined to instruct the jury regarding the heightened duty that the defendants owed to the plaintiff as a business invitee. According to the plaintiff, the court improperly concluded that the heightened duty applies only when there is a dangerous physical defect, and that a proper charge would have explained to the jury that the defendants would be negligent if they exposed the plaintiff to an unreasonable risk of criminal aggression, such as being run over by a car in the parking lot.

The plaintiff cannot prevail on either of these claims, however, because once the jury concluded that Champion's conduct was a superseding cause of the plaintiff's injuries, it did not have occasion to consider the reasonableness of the plaintiff's conduct or the plaintiff's status as an invitee. Rather, pursuant to the instructions on the interrogatory form; see footnote 2 of this opinion; the jury proceeded to complete the defendants' verdict form as to both defendants once it found that Champion's conduct was both "(a) intentional or criminal, and (b) not foreseeable." Even assuming, therefore, that the court's charge was improper concerning § 54-1f and the heightened duty owed to invitees, respectively, the plaintiff has not satisfied his burden of demonstrating that the purported errors were harmful.[12] See *Kos* v. *Lawrence + Memorial Hospital*, supra, 334 Conn. 845.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The plaintiff initially brought this action against Buckland Hills and Professional Security Consultants, Inc. The trial court thereafter granted the plaintiff's motion to cite in AlliedBarton as a defendant. On May 13, 2016, the trial court granted the town of East Granby's motion to intervene as a party plaintiff. On May 17, 2016, the plaintiff withdrew the action as to Professional Security Consultants, Inc. On June 29, 2016, the defendants filed apportionment complaints against Reshawn Champion, I. Bradley Hoffman, and Hoffman of Simsbury, Inc. On September 22, 2016, the defendants withdrew the apportionment complaints. They also filed a notice of apportionment as to Champion and Hoffman of Simsbury, Inc. The plaintiff and the defendants Buckland Hills and AlliedBarton are the only parties who are participating in this appeal, and all references herein to the plaintiff are to Charles Allen, and all references herein to the defendants are to Buckland

Hills and AlliedBarton.

[2] The relevant interrogatories and responses provide as follows:

"1. Do you find that Charles Allen has proven by a preponderance of the evidence that AlliedBarton Security Service, LLC, was both (a) negligent, and (b) a proximate cause of Charles Allen's injuries or harm?

"___ Yes ___ No

"IF THE ANSWER IS NO, COMPLETE THE DEFENDANT'S VERDICT FORM AS TO ALLIEDBARTON SECURITY SERVICE, LLC. IN ANY EVENT, CONTINUE TO THE NEXT QUESTION.

"2. Do you find that Charles Allen has proven by a preponderance of the evidence that Shoppes at Buckland Hills, LLC was both (a) negligent, and (b) a proximate cause of Charles Allen's injuries or harm?

"___ Yes X No

"IF THE ANSWER IS NO, COMPLETE THE DEFENDANT'S VERDICT FORM AS TO SHOPPES AT BUCKLAND HILLS, LLC. IF THE ANSWER TO #1 OR #2 IS YES, CONTINUE.

"3. Do you find that the defendants have proven by a preponderance of the evidence that Reshawn Champion was both (a) negligent, and (b) a proximate cause of Charles Allen's injuries or harm?

"X Yes ___ No

"4. Do you find that the defendants have proven by a preponderance of the evidence that Reshawn Champion's conduct was both (a) intentional or criminal, and (b) not foreseeable?

"X Yes ___ No

"IF THE ANSWER IS YES, COMPLETE THE DEFENDANT'S VERDICT FORM AS TO BOTH DEFENDANTS. OTHERWISE CONTINUE."

[3] Counsel stated that "[the proposed charge] doesn't specifically indicate to the jurors that they have to show in the—points one, two, three, the end of the instruction that it was intentional or criminal or criminal act."

[4] As discussed in footnote 8 of this opinion, the police issued a warrant for Champion's arrest following the incident at issue; the warrant, however, was not signed by the prosecutor, as the plaintiff could not identify Champion as the driver of the vehicle that struck him.

[5] The note provided in its entirety: "If the warrant for Champion had been issued and he was tried and found guilty, would this case have been able to proceed? If so, what tests if any would remain? E.g., the 4th question, would have part 'a' satisfied (guilty of a criminal act as a matter of public record), but would 'b' that it 'was not foreseeable' in the jury's interrogatory remain?"

[6] We note that in *Stewart* v. *Federated Dept. Stores, Inc.*, 234 Conn. 597, 609, 662 A.2d 753 (1995), a wrongful death action following the murder of a customer by a third party in a parking garage owned and operated by the defendant, the jury asked the court, on the fourth day of deliberations, whether it needed to consider the nature of a crime when determining causation. Our Supreme Court held that the trial court properly had answered "no" to the jury's question and instructed in part that liability was not contingent upon the actual type, extent, or severity of the criminal activity. Id.

[7] The plaintiff contends that the jury's note, in which it asked whether this case would have been able to proceed if the arrest warrant for Champion had issued and he was convicted, showed that the jury was trying to understand the meaning of criminality in the instruction. Contrary to the plaintiff's claim, however, we cannot speculate regarding what the jury discussed or intended when it submitted its hypothetical question to the court. See *Speed* v. *DeLibero*, 215 Conn. 308, 315, 575 A.2d 1021 (1990) (in considering whether trial court properly denied motion for mistrial on basis of jury misconduct, "[a] reviewing court cannot, on appeal, speculate on what the jurors may have discussed and then speculate that the discussion probably prejudiced the plaintiff").

[8] Kaczerski stated the following in his report: "Based on my investigation this officer believes that probable cause exists to charge Reshawn Champion with [a]ssault [in the second degree pursuant to General Statutes § 53a-60] because he looked back at [the plaintiff] while [the plaintiff] was standing directly next to his vehicle with the front door wide open and then he intentionally put the car in reverse and accelerated at a high rate of speed knowingly striking and causing serious physical injury to [the plaintiff]. This officer believes that probable cause exists to charge Reshawn Champion with [r]obbery [in the third degree pursuant to General Statutes § 53a-136] because [Champion] used immediate force upon [the plaintiff] for the purpose of resisting or overcoming being caught and keeping the stolen property. Also with [r]eckless [d]riving [pursuant to General Statutes § 14-222

(a)] for driving at a high rate of speed through the parking lot while fleeing from the mall with complete disregard to safety of others and with [o]perating [u]nder [s]uspension [pursuant to General Statutes § 14-215 (a)] for operating the courtesy vehicle while having his driving privileges suspended. Warrant will follow."

In a supplement to the police report dated July 6, 2014, Kaczerski indicated that the arrest warrant that he had completed was not signed by the prosecutor as the plaintiff could not identify Champion as the driver because he did not see Champion's face. The supplement was included in the police report that was admitted into evidence.

[9] To the extent the plaintiff further argues, pursuant to *Snell* v. *Norwalk Yellow Cab*, *Inc.*, supra, 332 Conn. 724, that the jury's verdict was inconsistent with its interrogatory responses because the jury did not answer the interrogatory regarding AlliedBarton's negligence; see footnote 2 of this opinion; we conclude that the present case is distinguishable from *Snell*. In that case, the plaintiff brought a negligence action against a taxicab driver, the taxicab company, and its owner after she was struck by a taxicab that had been stolen by two teenagers after the driver had left the vehicle unattended with the key in the ignition in a neighborhood known to have a higher than average crime rate. Id., 723. At trial, the defendants claimed that the conduct of the two thieves was a superseding cause that relieved the driver of any liability for his negligence. Id. The jury returned a verdict for the defendants and indicated, in its responses to interrogatories, that, although the driver's negligence was a proximate cause of the plaintiff's injuries, the accident that ensued was outside the scope of the risk created by his negligence, and, therefore, the defendants were not liable for the plaintiff's injuries. Id. On appeal, this court affirmed the judgment of the trial court. *Snell* v. *Norwalk Yellow Cab*, *Inc.*, 172 Conn. App. 38, 158 A.3d 787 (2017), rev'd, 332 Conn. 720, 212 A.3d 646 (2019). Our Supreme Court, however, reversed the judgment of this court based on its conclusion that the interrogatory responses on which the jury verdict was based were inconsistent as a matter of law. *Snell* v. *Norwalk Yellow Cab*, *Inc.*, supra, 332 Conn. 742. Specifically, although the trial court properly had charged the jury that only if it found that the driver's negligence was *not* a substantial factor in producing the plaintiff's injuries could it find that the actions of the teenagers who stole the vehicle were a superseding cause of the injuries, the jury found *both* that the driver's negligence was a proximate cause of some or all of the plaintiff's injuries *and* that the actions of the teenagers who stole the vehicle were a superseding cause of the injuries. Id., 765–67. In the present case, by contrast, the jury concluded that Champion's conduct was a superseding cause of the plaintiff's injuries. It did not also find that AlliedBarton was a proximate cause of the plaintiff's injuries.

[10] General Statutes § 54-1f, titled "Arrest without warrant. Pursuit outside precincts," provides in relevant part: "(a) For purposes of this section, the respective precinct or jurisdiction of a state marshal or judicial marshal shall be wherever such marshal is required to perform duties. Peace officers, as defined in subdivision (9) of section 53a-3, in their respective precincts, shall arrest, without previous complaint and warrant, any person for any offense in their jurisdiction, when the person is taken or apprehended in the act or on the speedy information of others . . . .

"(b) Members of the Division of State Police within the Department of Emergency Services and Public Protection or of any local police department or any chief inspector or inspector in the Division of Criminal Justice shall arrest, without previous complaint and warrant, any person who the officer has reasonable grounds to believe has committed or is committing a felony.

"(c) Members of any local police department . . . when in immediate pursuit of a person who may be arrested under the provisions of this section . . . are authorized to pursue such person outside of their respective precincts into any part of the state in order to effect the arrest. Such person may then be returned in the custody of such officer to the precinct in which the offense was committed.

"(d) Any person arrested pursuant to this section shall be presented with reasonable promptness before proper authority."

[11] Instead, the court delivered the following charge: "Duty of care. The plaintiff had the status of an invitee. I will now explain what the law says about the duty of the defendants to one who has that status. An invitee is one who either expressly or impliedly has been invited to go on the premises of the defendant mall. An invitee goes upon the premises at the express or implied invitation of the possessor for the possessor's benefit or for the mutual benefit of both. One who goes upon land in the possession of another

as a business visitor is an invitee.

"Because the plaintiff was an invitee of the mall and security was the contracted agent of the mall, then the defendants owed him the duty to conduct activities on the premises in a reasonable manner so as not to injure the plaintiff.

"It is not the law that the plaintiff is entitled to compensation merely because he is injured while on the premises controlled by the defendants. The defendants are not required to guarantee the safety of all persons on the premises. Rather, the defendants are only liable for the resulting injuries if the plaintiff meets the burden to prove the necessary elements of his negligence claim . . . ."

[12] We also note, however, that the plaintiff's argument that the defendants owed him a heightened duty to protect against dangerous conduct of third parties due to his status as an invitee runs counter to his argument that he was appropriately exercising his police powers. "A business invitee is a person who is invited to enter or remain on land for a purpose directly or indirectly connected with business dealings with the possessor of the land." (Internal quotation marks omitted.) *Bisson* v. *Wal-Mart Stores, Inc.*, 184 Conn. App. 619, 627 n.9, 195 A.3d 707 (2018). In the present case, although the plaintiff argues that he was an invitee because he was making purchases at the mall, he has not pointed to any evidence indicating that he was invited to assist in apprehending Champion during the chase in the parking lot. The plaintiff's theory of the case, rather, was that, at the time he approached Champion's vehicle, he was acting pursuant to his authority as an off duty police officer with the town of East Granby. "It is well established that it is error to instruct the jury on a doctrine or issue not supported by the evidence offered at trial. . . . Jury instructions should be confined to matters in issue by virtue of the pleadings and evidence in the case." (Citations omitted; internal quotation marks omitted.) *Kos* v. *Lawrence + Memorial Hospital*, supra, 334 Conn. 838.